IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW THOMAS McLAIN,  03:08-cv-1440-KI

        Petitioner,  OPINION AND ORDER

  v.

SHARON BLACKETTER,

        Respondent.

Tonia L. Moro
Assistant Federal Public Defender
15 Newtown Street
Medford, OR 97501

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096

    Attorneys for Respondent

KING, Judge

1 -- OPINION AND ORDER

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I conclude that petitioner properly exhausted his available state remedies as to grounds for relief eight and nine. Accordingly, the case is ripe for habeas review.

## BACKGROUND

On June 22, 2000, petitioner was indicted on three counts of Sexual Abuse in the First Degree involving his step-son "B.S." Resp. Exh. 102. A jury found petitioner guilty on all counts, and petitioner was sentenced to three consecutive 75-month terms of imprisonment. Resp. Exh. 101.

Petitioner filed a direct appeal alleging that the trial court erred in excluding convicted felons from the jury pool. Resp. Exh. 103. The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. Resp. Exhs. 105 & 107.

Petitioner next filed a petition for state post-conviction relief raising multiple claims of ineffective assistance of counsel. Included within those claims was the contention that trial counsel was ineffective for failing to object to all CARES evidence[1] on the basis that (1) the expert testimony of Nurse Kathleen Shelton was tantamount to vouching for B.S.; and (2) the

---

[1] CARES Northwest is a medically-based child abuse assessment and intervention program.

evidence was hearsay and deprived petitioner of the right to confront witnesses. Resp. Exh. 109 at 5. Additionally, petitioner alleged that trial counsel was ineffective for failing to object to prosecutorial misconduct including vouching, making "personal attacks on defense counsel and non-testifying defendant," and making improper statements of law. Id. at 6. The post-conviction court denied relief. Resp. Exh. 136.

With the assistance of counsel, petitioner filed an appeal. In his counseled brief, petitioner alleged two assignments of error pertaining to the post-conviction court's denial of investigative and expert funds, and one assignment of ineffective assistance of counsel for failure to object to consecutive sentences. Resp. Exh. 137. Counsel attached petitioner's second amended petition for post-conviction relief to the appellant's brief as an excerpt of record. Id. at ER 1-6.

Petitioner filed a *pro se* supplemental brief, in which petitioner raised eight grounds of ineffective assistance of counsel, and challenged the post-conviction court's refusal to permit petitioner to file an amended petition for post-conviction relief. Resp. Exh. 139.[2] The Oregon Court of Appeals affirmed

---

[2] It appears from the record that petitioner first submitted a handwritten *pro se* supplemental brief (Resp. Exh. 138), which exceeded the page limitation of ORAP 5.92, and then submitted a typed 5-page *pro se* supplemental brief which the Court of Appeals accepted (Resp. Exh. 139). See Petitioner's Sur-Reply, Exh. 1.

without opinion.  McLain v. Blacketter, 221 Or. App. 702, 191 P.3d 813 (2008).

Petitioner's appellate counsel filed a petition for review to the Oregon Supreme Court raising two grounds for review: (1) post-conviction court erred in not providing funds to petitioner for an investigation and a medical expert; and (2) trial counsel was ineffective for failing to raise an *Apprendi*-based objection to the imposition of consecutive sentences.  Petitioner filed a *Pro Se* Supplemental Petition for Review which provided as follows:

**STATEMENT OF LEGAL QUESTIONS PRESENTED ORAP 9.05(4)(b)**

1. Did PCR Court err when it denied relief, ***on multiple grounds, o[f] effective assistance of trial counsel***? Specific examples include, but not limited to, Failure to object to jury instructions that allowed for convictions on two non-jurisdictional alleged acts and denied jury concurrence, thus denying petitioner a fair jury trial?

* * * * *

**PROPOSED RULE OF LAW**

Petitioner proposes the following rules of law be established upon review:

1. Post-Conviction Relief is appropriate, and a new trial should have been ordered, when trial counsel's actions fall below adequate levels and prejudice occurs, as in instant case, ***because petitioner was denied effective assistance of counsel guaranteed in* Ore. Const. Art. 1 & 10, 11 and 33 and *U.S. Const. Amends. 5, 6 and 14.***

///

///

**REASONS ASSERTED FOR REVERSAL**

4 -- OPINION AND ORDER

> \* \* \* \* \*
>
> The Court of Appeals should have reversed petitioner's convictions based on a **denial of effective assistance of trial counsel.**
>
> \* \* \* \* \*
>
> **ARGUMENT ORAP 9.05(4)(d)**
>
> *Petitioner relies on previous arguments found in both Appellant's Blue Briefs and Counsel's Request for Review. ORAP 9.20(4).*
>
> \* \* \* \* \*
>
> Petitioner wants to preserve his Federal appeal rights as Oregon seems uninterested in this wrongful conviction and sentence. ***The Supreme Court is placed on notice that I'm seeking review on <u>all</u> State and Federal Constitutional Grounds applicable for ineffective assistance of counsel and denials of due process.*** Don't cry when I get to federal court and I'm allowed to raise <u>any</u> issue I please because the PCR Court denied my due process right to amend my PCR Petition therefore the federal court will allow amendments.

Resp. Exh. 144 (emphasis added). The Oregon Supreme Court denied review. <u>McLain v. Blacketter</u>, 345 Or. 417, 198 P.3d 941 (2008).

## DISCUSSION

I.   <u>Grounds for Relief 1-7 & 10-11</u>.

In his amended habeas corpus petition, petitioner raises nine grounds of ineffective assistance of trial counsel; one ground of ineffective assistance of appellate counsel; and one ground challenging the adequacy of state post-conviction relief. Amended Petition (#13) at 3-7. In his supporting memorandum, however, petitioner states that he "*proceeds* with grounds: eight . . . and

5 -- OPINION AND ORDER

nine." Petitioner's Brief at 14 (emphasis added). I construe this language to be an affirmative waiver of the remaining grounds for relief. In the alternative, I conclude that habeas relief is not warranted as to grounds for relief 1-7 and 10 because petitioner failed to sustain his burden of demonstrating that the state post-conviction court's rejection of those claims is contrary to, or an unreasonable application of, clearly established federal law.[3] See Lambert v. Blodgett, 393 F.3d 943, 970 n. 16 (9th Cir. 2004) (petitioner bears burden of proving his case); 28 U.S.C. § 2254(d).

Additionally, habeas relief is not warranted as to ground for relief eleven because alleged procedural errors in a state post-conviction proceeding are not addressable through federal habeas corpus proceedings. Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989); see also 28 U.S.C. § 2254(a) (habeas petitioner must allege he is in custody in violation of the Constitution or laws or treaties of the United States).

## II.  Grounds for Relief 8 & 9.

In ground for relief eight, petitioner alleges that trial counsel was ineffective due to his failure to conduct necessary and material investigations, and to challenge the admissibility of the

---

[3] Although respondent argues that these claims are procedurally defaulted, this court may decline to address the procedural default issue, and instead deny habeas relief on the merits. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002); 28 U.S.C. § 2254(b)(2).

State's evidence. This ground for relief contains eight subparts, only one of which is pursued in this proceeding. That subpart challenges trial counsel's failure to object to inadmissible expert testimony by Kathleen Shelton, a nurse practitioner employed by CARES Northwest. Petitioner's Brief in Support at 1. Petitioner argues that the testimony of Nurse Shelton was inadmissible as impermissible vouching, and because it was more prejudicial than probative. Id. at 17.

In ground for relief nine, petitioner alleges that trial counsel was ineffective for failing to challenge and object to prosecutorial misconduct. This ground for relief also contains multiple subparts, only two of which are argued in the instant proceeding: (1) "Counsel committed prejudicial error when he failed to prevent the state from eliciting testimony and commenting on McLain's pre-arrest silence after he was confronted with the accusations by Detective Kelly"; and (2) "Counsel committed prejudicial error when he failed to prevent the state from appealing to the fears and emotions of the jury by calling for a guilty verdict to vindicate the complainant's rights and give him justice." Petitioner's Supporting Brief at 1-2; Amended Petition at 6.

Respondent moves the court to deny habeas relief as to the foregoing grounds for relief on the basis that petitioner did not

7 -- OPINION AND ORDER

fairly present the claims to the Oregon Supreme Court. For the reasons set forth below, I disagree.

**A.   Fair Presentation**.

It is well settled that before seeking federal habeas corpus relief, a state prisoner must exhaust his available state remedies by fairly presenting his federal claims to the appropriate state courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim: (1) to the proper forum; (2) through the proper vehicle; and (3) by providing the proper factual and legal basis for the claim." Scott v Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted). Fair presentation requires that the petitioner describe both the operative facts and the federal legal theory on which his claim is based. Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

When a state prisoner fails to fairly present his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Casey v. Moore, 386 F.3d 896, 920 (9th Cir. 2004); Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual

8 -- OPINION AND ORDER

prejudice, or that the failure to consider the claims will result in a miscarriage of justice. Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007); Coleman, 501 U.S. at 750.

Respondent argues that petitioner did not fairly present grounds eight and nine because, although petitioner put the Supreme Court on notice that he was raising every single available claim, this was inadequate under ORAP 9.05(4) requiring assignments of error to be specifically identified. Respondent's Response (#32) at 8 n.1. Additionally, respondent argues that petitioner's petition for review did not comply with ORAP 5.45 requiring each assignment of error to (1) be separately stated under a numbered heading; (2) identify precisely the legal, procedural, factual, or other ruling that is being challenged; (3) set out pertinent quotations of the record where the question or issue was raised; and (4) be supported by argument explaining why the appellant is entitled to relief. Finally, respondent correctly notes that under federal law, a fair presentation requires that each discrete claim of ineffective assistance of counsel be exhausted.

In addressing respondent's argument, it is first worthy of note that the federal exhaustion requirement is intended to "ensure[] that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." Duncan v. Walker, 533 U.S. 167, 178-79

9 -- OPINION AND ORDER

(2001). It is not intended to be a procedural trap for the unwary *pro se* litigant. Slack v. McDaniel, 529 U.S. 473, 487 (2000); see also Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (for purposes of exhaustion, *pro se* petitions are held to a more lenient standard). Whether a claim has been fairly presented to the state courts is a question of federal law, although the applicable state rules inform this court's judgment as to whether the federal claims were presented in a procedural context in which they would be considered. See Scott, 567 F.3d at 582; see also Casey, 386 F.3d at 916 (fair presentation requires petitioner to present federal claim in manner required by state law).

   1.   **Pro Se Supplemental Brief to the Oregon Court of Appeals**.

In petitioner's *Pro Se* Supplemental Brief to the Oregon Court of Appeals, petitioner alleged that trial counsel was ineffective for failing to object to the CARES evidence. Resp. Exh. 139 at 1. Petitioner argued that the CARES expert, Nurse Kathleen Shelton, improperly vouched for B.S.'s honesty, and that the CARES evidence was inadmissible and prejudicial. Id. at 4.

Additionally, petitioner alleged that trial counsel was ineffective for failing to object to the prosecution's misconduct. Id. at 1 & 4-5. Petitioner identified the prosecutorial misconduct as "preaching declarant sympathy, bolstering witnesses, wielding government prestige, slandering non-testifying defendant, smearing defense and counsel." Petitioner asked the Court of Appeals to

10 -- OPINION AND ORDER

review his post-conviction memorandum "on this issue which concisely graphs and charts prosecutor's misconducts including vouching, wielding government prestige, bashing defense[] counsel and defendant, etc." Id. at 5.

### 2. Pro Se Supplemental Brief to the Oregon Supreme Court.

In his *pro se* supplemental brief to the Oregon Supreme Court, petitioner alleged that the post-conviction court erred in denying relief on "multiple grounds" of ineffective assistance of trial counsel. Resp. Exh. 144 at 1 & 3. Petitioner specifically identified the Sixth Amendment as the basis of his claim, relied upon the arguments in his Court of Appeals' briefs, and complained that his *pro se* supplemental filings were necessary due to appellate counsel's failure to preserve his issues for federal review. Id. at 2-4. Petitioner concluded with the statement that "[t]he Supreme Court is placed on notice that I'm seeking review on all State and Federal Constitutional Grounds applicable for ineffective assistance of counsel and denials of due process." Id. at 5.

### B. Analysis.

Petitioner's *pro se* supplemental brief to the Oregon Court of Appeals fairly presented his ineffective assistance of counsel claims contained in grounds eight and nine. Additionally, within the "four corners" of petitioner's *pro se* supplemental petition for review to the Oregon Supreme Court, petitioner alerted the Oregon

11 -- OPINION AND ORDER

Supreme Court that he was raising *all* of his federal grounds of ineffective assistance of counsel, that he was relying upon the Sixth Amendment to the U.S. Constitution, and that he was relying upon the arguments raised to the Oregon Court of Appeals. I conclude that this satisfied the exhaustion requirement of § 2254(b)(1)(A).

In so holding, I note that the Oregon Supreme Court has opined that incorporation of arguments from an appellant's brief into a petition for review to the Supreme Court is contemplated by Oregon law. Farmer v. Baldwin, 346 Or. 67, 74, 205 P.3d 871 (2009) (citing ORAP 9.05(4)(d)). The Ninth Circuit similarly has concluded that a federal constitutional claim is fairly presented if the claim is raised in the appellate brief and it is clear "in context" that the petition for review refers to, or incorporates by reference, the appellate brief. Wells v. Maass, 28 F.3d 1005, 1008-09 (9th Cir. 1994); Peterson, 319 F.3d at 1157.

Further, I reject respondent's argument that petitioner did not fairly present his federal claims because they were not identified in separate assignments of error. See Mitchell v. Nooth, 2010 WL 3491520 (D.Or. 2010) (rejecting contention that petitioner's failure to separately set out each assignment of error rendered claims procedurally defaulted); Cabine v. Belleque, 2010 WL 1141354 *12 (D.Or. Mar. 19, 2010) (concluding that petitioner

12 -- OPINION AND ORDER

exhausted claims of ineffective assistance of counsel despite fact that they were not identified in separate assignments of error).

Finally, I reject respondent's contention that petitioner's ineffective assistance of counsel claims were not exhausted because petitioner did not adequately explain why the post-conviction court's rejection of the claims was incorrect. Given his reference to the arguments contained in his Court of Appeals briefs, the page restrictions placed upon his *pro se* supplemental brief, and the fact that he was briefing his additional claims of ineffective assistance without the assistance of counsel, I conclude that petitioner's fairly describe both the operative facts and the federal legal theory on which his claims were based, so as to satisfy the exhaustion requirement. See Sanders, 342 F.3d at 999; Davis, 511 F.3d at 1009.

For all of these reasons, grounds for relief eight and nine are ripe for habeas review. Because Respondent failed to address the merits of these grounds for relief, it is ordered that respondent shall file a further response within 45 days of the date of this order.

## CONCLUSION

Based on the foregoing, I conclude that petitioner exhausted his available state remedies as to grounds for relief eight and nine. Accordingly, IT IS ORDERED that respondent shall file a further response, addressing the merits of grounds for relief eight

13 -- OPINION AND ORDER

and nine (limited to the subparts addressed in his supporting brief), within 45 days of the date of this order.  Petitioner may file a reply within 30 days thereafter, at which time the amended habeas petition shall be taken under advisement.  IT IS FURTHER ORDERED that habeas relief is denied as to the remaining grounds for relief.

    IT IS SO ORDERED.

    DATED this ___26th___ day of September, 2011.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge